[No. E005373. Fourth Dist., Div. Two. Mar. 6, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
FERNANDO LAZARO ALVAREZ, Defendant and Respondent.

568

**COUNSEL**

Grover C. Trask II, District Attorney, and Joseph A. Daily, Deputy District Attorney, for Plaintiff and Appellant.

F. Thomas Caporael, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

HOLLENHORST, J.—The People charged defendant in count I with possession of cocaine (Health & Saf. Code, § 11350), in count II with possession of heroin (Health & Saf. Code, § 11350), in count III with possession of marijuana for sale (Health & Saf. Code, § 11359), in count IV with possession of oxycodone (Health & Saf. Code, § 11350), in count V with possession of a device, contrivance, instrument or paraphernalia used for unlawfully injecting a controlled substance (Health & Saf. Code, § 11364), and in count VI with possession of heroin for sale (Health & Saf. Code, § 11351). In addition it was alleged that defendant had previously been convicted of possession of heroin for sale (Health & Saf. Code, § 11351) within the meaning of Penal Code section 667.5, subdivision (b).[1]

On appeal the People contend that the trial court abused its discretion in granting defendant's motion to set aside the information, arguing that (1) neither section 859b nor section 861 requires dismissal in the present case and (2) the People demonstrated good cause for the continuance.

FACTS

On December 4, 1987, defendant was arraigned in municipal court; he was not in custody at the time. The magistrate set the preliminary hearing for December 15, 1987, and appointed the public defender to represent defendant.

At the December 15th hearing, the People requested a continuance of the preliminary hearing because their criminologist was unavailable to testify that day. Defendant agreed to waive his right to have his preliminary hearing heard within 10 court days of his arraignment pursuant to section 859b, and the magistrate continued the matter to January 12, 1988.[2]

The People again requested a continuance of the preliminary hearing on January 12, on the ground that their criminologist was unavailable to testify. The defense objected to another continuance of the preliminary hearing, arguing that the People had failed to demonstrate good cause. However, the

---

[1] All further references are to the Penal Code unless otherwise specified.

[2] In his section 995 motion to dismiss, defendant stated that he "agreed to waive his right to have his preliminary hearing held within 10 court days pursuant to Penal Code section 859b." On appeal defendant argues that he did not "waive his right" but rather he "did not object to the continuance, he clearly consented to having the preliminary hearing on January 12, 1988." Defendant, in his attempt to distinguish a "waiver" from a "clear consent," attempts to make a distinction without a difference. Based on the record before us, we conclude that defendant has conceded on more than one occasion that he "waived his right" to a preliminary examination within 10 court days of his arraignment.

magistrate granted the second continuance and rescheduled the preliminary hearing for January 26, 1988.

The preliminary hearing was completed on January 26th. The magistrate found there was sufficient cause to believe that defendant had committed the offenses as charged, and defendant was held to answer.

Subsequently, defendant brought a section 995 motion in superior court to set aside the information on the basis that defendant was not legally committed. The trial court granted defendant's motion.

Additional facts relating to specific issues are set forth in the discussion.

## DISCUSSION

## I

## DISMISSAL PURSUANT TO SECTION 859b

The People contend that the trial court abused its discretion in granting defendant's motion to set aside the information because (1) section 859b does not require that a new waiver of the 10-court-day period be obtained every time the preliminary hearing is continued; (2) defendant's waiver of the 10-court-day period was a waiver of the requirement that the preliminary examination be held at the "earliest possible time;" (3) section 859b applies only to defendants who are in custody; and (4) the People were not required by § 859b to show good cause where the continuance requested was within the 60-day limit provided by section 859b.

Section 859b provides in relevant part that "[b]oth the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later."[3] The statute further provides that "[w]henever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea and *the defendant has remained in custody* for 10 or more court days solely on that complaint, unless" either "(a) [t]he defendant personally waives his or her right to preliminary examination

---

[3] Section 1050, subdivision (e) provides the procedure for granting continuances in criminal cases. It specifically requires that "[c]ontinuances shall be granted only upon a showing of good cause." (See discussion of good cause, *infra.*)

within the 10 court days" or "(b) [t]he prosecution establishes good cause for a continuance beyond the 10-court day period." (Italics added.) Section 859b also provides for the mandatory dismissal of the complaint "if the preliminary examination is set or continued more than 60 days from the date of the arraignment or plea, unless the defendant personally waives his or her right to a preliminary examination within the 60 days."

■ "When the issue is one of statutory construction, 'a court's first recourse is properly to the language of the statute itself. [Citation.]' [Citation.] The words must be interpreted ' "according to the usual, ordinary import of the language employed in framing them." [Citation.]' [Citation.]" (*People* v. *Mackey* (1985) 176 Cal.App.3d 177, 182-183 [221 Cal.Rptr. 405].) " ' "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . ." ' [Citation.]" (*Id.,* at p. 184.)

A. *New Waivers*

■ The People argue that section 859b does not require that a new waiver of the 10-court-day period be obtained from defendant every time the preliminary hearing is continued. We agree.

After a defendant, who is not in custody, initially has waived his or her right to a preliminary hearing within 10 court days of his or her arraignment or plea, the only remaining requirement of section 859b to preclude dismissal is that the preliminary hearing be set within 60 days from the date of the arraignment or plea. If the preliminary hearing is not set within the 60-day period, the magistrate is required pursuant to section 859b to dismiss the complaint, "unless the defendant personally waives his or her right to a preliminary hearing within the 60 days."

Employing the rule of statutory construction stated *supra,* we determine that section 859b does not specifically require subsequent waivers of time by the defendant if the continuance requested is within the 60-day limit; nor does it provide that a complaint shall be dismissed if the defendant does not waive his 10-court-day right every time the preliminary hearing is continued within that 60-day period. Had the Legislature intended that the court must either obtain a new waiver from a defendant, who was not in custody, every time the preliminary hearing was continued or dismiss the complaint, it would have included such explicit language in the statute.

At the December 15th hearing, defendant waived his right to a preliminary hearing within 10 court days of his arraignment. The court was not required to obtain a new waiver from him at the January 12th hearing

before it continued the preliminary examination to a date within the 60-day period.

B. *"Earliest Possible Time"*

 The People argue that when a defendant, who is not in custody, waives his or her right to a preliminary examination within 10 court days of his or her arraignment or plea, the only remaining requirement of section 859b is that the preliminary examination be held within 60 days of the date of defendant's arraignment or plea. The initial waiver, they argue, is a waiver of the right to a preliminary examination at the "earliest possible time" as provided by section 859b. In response, defendant argues that his waiver of the right to a preliminary hearing within 10 court days of his arraignment was not a waiver of his right to a preliminary hearing "at the earliest possible time" as provided by section 859b, and therefore the trial court correctly dismissed the complaint.

Defendant cites no case nor has our research revealed any which supports his argument. Section 859b by its own terms specifically equates a defendant's waiver of his or her right to a preliminary hearing within 10 days of defendant's arraignment or plea with a waiver of his or her right to a preliminary examination "at the earliest possible time." The statute provides that "[b]oth the defendant and the people have *the right to a preliminary hearing at the earliest possible time,* and unless both waive *that right* . . . the preliminary examination *shall be held within 10 court days* of the date the defendant is arraigned or pleads, whichever occurs later." (Italics added.) Within section 859b, the statement "within 10 court days" operates as a definition of the phrase "earliest possible time." The phrase "earliest possible time" is neither used nor defined elsewhere in the statute.

The Legislature has included within section 859b a protection of defendant's right to a speedy preliminary examination in those cases where a defendant, who is not in custody, has waived his or her right to a preliminary examination within 10 court days. For a defendant not in custody, "[t]he 60-day limit [of section 859b] acts to protect [his or her] right to a speedy preliminary examination by insuring . . . that, despite good cause for postponement beyond 10 days, the matter cannot be postponed indefinitely. The 60-day limit also insures that criminal cases are expeditiously moved through the courts." (*People* v. *Mackey, supra,* 176 Cal.App.3d at p. 184.)

Here defendant waived his right to a preliminary examination within 10 court days of his arraignment, thereby waiving his right to a preliminary examination "at the earliest possible time" as that phrase is used within

section 859b. The only remaining requirement of section 859b was that defendant's preliminary hearing be held within 60 days of his arraignment. The preliminary hearing was held within the 60-day period in this case, and thus the requirements of section 859b were met.

## C. Defendant in Custody

◼ The People also argue that the requirement of section 859b that a complaint be dismissed if the preliminary examination is continued beyond the 10-court-day period, unless either the defendant personally waives his or her right to a preliminary examination within that period or the prosecution establishes good cause, applies only to those defendants who are in custody. (*People* v. *Williams* (1987) 194 Cal.App.3d 124, 131-132 [239 Cal.Rptr. 375]; *Blake* v. *Superior Court* (1980) 108 Cal.App.3d 244, 248 [166 Cal.Rptr. 470].) We agree.

As noted in *Blake* v. *Superior Court, supra,* 108 Cal.App.3d at page 248, the fact that the 10-day deadline applies only to those defendants who are in custody, " 'per se, manifests a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom.' Inasmuch as the purpose to be served by the mandatory 10-day time limit is to insure that those persons charged with felonies who are unable to post bail are not confined for more than 10 court days without a judicial determination of the existence of probable cause, the phrase 'whenever the defendant is in custody' as used in section 859b must be applied only to those defendants in custodial confinement solely attributable to the charges which are the subject of the preliminary hearing. [Citations.]"

Defendant was not in custody at the time of his preliminary examination or at any time relevant to this case; therefore, the provision of section 859b that a complaint be dismissed if the preliminary examination is continued beyond the 10-court-day period is inapplicable.

## D. Good Cause Under Section 859b

◼ The People contend that section 859b does not require a showing of good cause for a subsequent continuance of the preliminary hearing, if the defendant initially waives his or her right to a preliminary hearing within 10 court days and the continuance requested is within the 60-day time limit. They also argue that, even if a showing of good cause is required for a continuance, a failure to show good cause would not mandate dismissal under section 859b where the preliminary hearing is held within the

60 days as provided by section 859b. We agree with the People's arguments for the reasons stated below.

Section 859b provides that when a defendant is not in custody, the preliminary examination shall be held within 10 court days of defendant's arraignment or plea, unless both the defendant and the People waive the right or "good cause for a continuance is found as provided for in Section 1050." As we stated, *supra,* the requirement of section 859b that either a waiver be obtained or, by extension of our earlier reasoning, a showing of good cause be demonstrated refers to a waiver or to good cause for the continuance *of the initial 10-court-day period* in which the preliminary examination must be held. When a defendant is in custody, section 859b provides for mandatory dismissal of the complaint, if the defendant has not personally waived the right to a preliminary examination within 10 court days of the arraignment or plea *or* the prosecution has failed to establish good cause for the continuance beyond 10 court days *and* the defendant has been in custody for 10 or more court days on that complaint. In its only other reference to dismissal of a complaint, section 859b provides that a complaint shall be dismissed if defendant has not personally waived his or her right to a preliminary examination within 60 days of the arraignment or plea and the preliminary examination is set or continued beyond that 60-day limit.

The language of the statute is clear. Section 859b by its terms does not require that the People either demonstrate good cause for a second continuance or that the complaint shall be dismissed if the People fail to do so, *if* the defendant initially has waived his or her right to a preliminary examination within 10 court days, the requested continuance is within the 60-day period and the defendant is not in custody. Had the Legislature intended the opposite result, it would have included specific language to that effect in the statute.

We conclude that section 859b does not by its terms require a showing of good cause or provide for the dismissal of the action in the present case. However, as we discuss *infra,* the People were required by section 1050 to demonstrate good cause for the requested continuance.

## II

### DISMISSAL PURSUANT TO SECTION 861

The People argue that a dismissal under section 861 is not appropriate in this case because section 861 applies only in those situations where

the preliminary examination is commenced. They also argue that section 861 applies only to those defendants who are in custody.

In response, defendant argues that section 861 is applicable and mandates dismissal because the preliminary hearing was not completed in one session and the People failed to demonstrate by affidavit good cause for the continuance. Defendant cites no case nor has our research revealed any which supports his position that section 861 rather than section 859b is applicable to this case.

Section 861 provides in relevant part that "[t]he preliminary examination shall be completed at one session or the complaint shall be dismissed, unless the magistrate, for good cause shown by affidavit, postpones it." The statute mandates that "[t]he postponement shall not be for more than 10 court days unless either of the following occur: [¶] (a) [t]he defendant personally waives his or her right to a continuous preliminary examination" or "(b) [t]he prosecution establishes good cause for a postponement beyond the 10-court day period." Additionally, section 861 provides, "[i]f the magistrate postpones the preliminary examination beyond the 10-court day period, the defendant shall be released pursuant to subdivision (b) of Section 859b."

Section 861 applies to those situations in which the preliminary examination has commenced and is delayed or postponed, as evidenced by the language of the statute itself. The first sentence of section 861 reads "[t]he preliminary examination *shall be completed at one session* or the complaint shall be dismissed, . . ." unless good cause for the requested postponement is demonstrated by affidavit. Section 861 mandates that a postponement shall not be for more than 10 court days and further provides an exception if "defendant personally waives his or her right to a *continuous preliminary examination.*" (Italics added.)

The quoted language demonstrates that section 861 applies only to those situations where the preliminary examination has been commenced and then is adjourned or postponed. (See *Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 466 [142 Cal.Rptr. 882].) Section 859b applies to the date the preliminary examination initially must be set, to continuances of the date on which the examination is to commence, and to the time limit in which the examination must be held. The purpose of section 861 is to protect defendant's right to a prompt disposition of the preliminary hearing, uninterrupted by lengthy delays, unless there has been a showing of good cause for the requested postponement. Section 859b more generally protects a defendant's right to a speedy preliminary examination, particularly for those defendants who are in custody.

In the case before us, section 861 is inapplicable because the preliminary hearing had not yet commenced. We do not reach the argument that section 861 applies only to those defendants who are in custody.

## III

### SECTION 1050 GOOD CAUSE

 The People also contend that the trial court abused its discretion in granting defendant's section 995[4] motion to dismiss because they were not required to show good cause for dismissal. Alternatively, the People argue that the magistrate correctly determined that they had demonstrated good cause for the requested continuance.

As stated *supra*, section 859b does not by its terms require a showing of good cause for a continuance, if the defendant previously has waived his or her right to a preliminary hearing, the continuance requested is within the 60-day limit and the defendant is not in custody. In addition, section 859b neither requires nor precludes the dismissal of an action if good cause for a continuance is not shown, even when the requested dismissal is within the 60-day limit.

 Section 1050 provides the procedure for requesting and granting continuances in criminal cases. It specifically requires that "[c]ontinuances shall be granted only upon a showing of good cause." Although, as noted in *People* v. *Rubaum* (1980) 110 Cal.App.3d 930, 935 [168 Cal.Rptr. 291], "[s]ection 1050 [which requires a showing of good cause for a continuance] is directory only and does not mandate any dismissal of an action by its terms," section 1050 does permit that "the court may impose sanctions as provided in Section 1050.5," if a party moving for a continuance does not comply with the procedures outlined in section 1050 for making a continuance and is unable to show good cause for its failure to do so. Section 1050.5 specifies that the court may impose sanctions in the form of a fine of up to $1,000 upon moving party's counsel and/or file a report with the appropriate disciplinary committee; it further provides that the authority to impose sanctions under this section is "in addition to any other authority or power available to the court." Section 871 specifically provides the magistrate with the authority to dismiss the action if "there is not sufficient cause to believe the defendant guilty of a public offense . . . ."

 In the instant case, the People were required to show good cause pursuant to section 1050 for the continuance requested, which section is

---

[4]Section 995 provides in relevant part that an information "shall be set aside by the court in which the defendant is arraigned, upon his or her motion, . . . [when] before the filing thereof the defendant had not been legally committed by a magistrate."

applicable to any request for a continuance in a criminal case. Section 1050 is a calendar management statute; it provides the court with a tool to move criminal cases expeditiously through the system by requiring that the party requesting a continuance demonstrate good cause. It also provides the court with the express authority to impose sanctions upon a party for failure to comply with its provisions, by its reference to section 1050.5. In addition to those sanctions specified in 1050.5, if the magistrate denies the motion for continuance and the People are unable to proceed, the court may dismiss or decline to make the holding order and dismiss the complaint pursuant to section 871, based on lack of sufficient cause to believe the defendant guilty of a public offense.

A review of the record reveals that the People demonstrated good cause for the continuance requested. Their criminologist was unavailable to testify. (See *Gaines* v. *Municipal Court* (1980) 101 Cal.App.3d 556, 560 [161 Cal.Rptr. 704].) Thus, the magistrate properly granted the continuance in this case, where the People had met their burden of showing good cause as required by section 1050 and had requested a continuance to a date within the 60-day limit of section 859b.

We conclude that the trial court abused its discretion in dismissing the information. Based on the applicable statutes and the facts of this case, the defendant was legally committed by the magistrate. Section 859b does not require that the court obtain a new waiver from defendant every time the preliminary hearing is continued. The statute's requirement that a complaint be dismissed, if the defendant has not personally waived his or her right to a preliminary hearing within 10 court days or the People have not established good cause for the continuance, applies only to those defendants who are in custody. Section 859b by its terms *does not require* the court to dismiss an action, if the defendant, who is not in custody, waives his or her right to a preliminary hearing within 10 court days of defendant's arraignment or plea, the People request a continuance within the 60-day limit of section 859b, and the preliminary hearing is held within that 60-day period. On the other hand, *neither does section 859b preclude a dismissal* pursuant to any authority or power available to the court for failure to show good cause as required by section 1050, even though the requested continuance is within the 60-day limit provided by section 859b.

In this case we have determined that the People met their burden of showing good cause, however, had they failed to establish good cause and had they been unable to go forward with the hearing, nothing in section 859b would have precluded the court from dismissing the information as provided by section 871.

## DISPOSITION

Judgment is reversed.

McDaniel, Acting P. J., and Staniforth, J.,* concurred.

A petition for a rehearing was denied March 24, 1989, and on April 5, 1989, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied June 1, 1989. Mosk, J., was of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.