Filed 1/12/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>      Respondent;<br><br>TATIANA ARNOLD,<br><br>      Real Party in Interest. | B306519<br><br>(Los Angeles County<br> Super. Ct. No. BA455469) |

| | |
|---|---|
| THE PEOPLE, | B306520 |
| Petitioner, | (Los Angeles County Super. Ct. No. BA455470) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| RONNIE CASE, | |
| Real Party in Interest. | |
| THE PEOPLE, | B306523 |
| Petitioner, | (Los Angeles County Super. Ct. No. BA455469) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| KELLY PARK, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate. William C. Ryan and Larry Paul Fidler, Judges. Petitions denied.

2

Jackie Lacey, District Attorney, John Niedermann and Matthew Brown, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

James & Associates, Becky S. James, Lisa M. Burnett; The Kaufman Law Group, Gary Jay Kaufman and Noam Reiffman for Real Party in Interest Tatiana Arnold.

Spertus, Landes, & Umhofer, James W. Spertus, Samuel A. Josephs and Lindsey M. Hay for Real Party in Interest Ronnie Case.

James & Associates, Becky S. James and Lisa M. Burnett for Real Party in Interest Kelly Park.

—————————————

Real parties in interest Tatiana Arnold, Kelly Park, and Ronnie Case were arraigned on amended complaints on August 1, 2018 with eight codefendants. The superior court continued the preliminary hearing numerous times, with Arnold, Park, and Case, out of custody, agreeing to limited time waivers under Penal Code[1] section 859b. Ultimately, the defendants agreed to waive time to August 16, 2019 as a "zero of 90" date, thereby agreeing the preliminary hearing would be held no later than November 14, 2019. Although Arnold, Park, and Case refused further time waivers, the court continued the preliminary hearing past November 14, finding good cause based on time waivers by their codefendants and a pending motion to disqualify the district attorney's office. The court denied the defendants'

---

[1] All further undesignated statutory references are to the Penal Code.

motions to dismiss, but the defendants successfully petitioned the superior court for a writ of mandate dismissing the complaints.

The People now petition for writs of mandate to compel the superior court to vacate its order dismissing the amended complaints. Although it is common in the superior courts for defendants to enter limited time waivers, agreeing, as here, to waive time to a new date as a "zero of 60" or "zero of 90" date, the People contend that under section 859b, if a defendant waives time beyond the initial 60-day period following arraignment, this constitutes a general time waiver, and the defendant loses his or her right to demand the preliminary hearing take place by a date certain. The People also assert there is a good-cause exception to the 60-day time limit allowing a continuance of the preliminary hearing to maintain joinder of the codefendants or to enable the defendants' pending motion to disqualify the district attorney's office be heard before the preliminary hearing. Neither contention has merit. We conclude section 859b permits a defendant to enter a limited waiver of time beyond the initial 60-day time period by agreeing the preliminary hearing be held by a date certain. Absent a further time waiver by the defendant, the court may not continue the preliminary hearing beyond the agreed-upon date based on a finding of good cause. We deny the petitions.

### FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Arraignments and Time Waivers*

In 2015 the grand jury returned multicount felony indictments against Arnold, Park, Case, and other defendants. On March 16, 2017 the People voluntarily dismissed the

4

indictments and filed criminal complaints against Arnold and Park (Super. Ct. No. BA455469) and Case (Super. Ct. No. BA455470). After multiple amendments, on July 12, 2017 the People filed a third amended complaint against Arnold and Park and a second amended complaint against Case. Arnold, Park, and Case have been out of custody since before the filing of the criminal complaints.

Following the sustaining of demurrers to multiple counts in both cases, on October 31, 2017 the People refiled the cases under case Nos. BA462349 (Arnold and Park) and BA455470 (Case). On the same day, Arnold, Park, and Case agreed to waive time for the arraignment to be held on February 16, 2018 and for the preliminary hearing to be held within 90 days of the arraignment.

On February 1, 2018 codefendant Paul Turley filed a motion to dismiss on behalf of all joining defendants, alleging the prosecution viewed legal documents seized from a storage unit in violation of defendants' attorney-client privilege. The motion requested dismissal of all joining defendants or disqualification of the Los Angeles County District Attorney's Office under section 1424. Arnold and Park joined in Turley's motion.[2]

---

[2] Case appears to have signed on to a separate joinder in Turley's motion to dismiss filed by codefendant Leticia Lemus Alvarez, but Case later claimed he did not join the motion. We need not resolve whether Case joined the motion to dismiss for purposes of this proceeding.

On February 16, 2018 the superior court arraigned Arnold, Park, and Case, and each pleaded not guilty to all charges.[3] As part of a scheduling discussion, the prosecutor requested the court hear the People's pending motion to consolidate the cases "prior to [when] the 10 days are up. If the court joins [the cases], then [it will be] good cause on one case. After [the cases are] joined, it's zero of ninety as to everything." Turley's attorney responded, "That's wrong, Your Honor. It would actually be a reason to rule against joinder if it actually took away the client's speedy trial rights. There is no law that allows joinder to basically gut the speedy trial statute." The court responded, "Oh, but it does . . . . If it's good cause for one and the case should be tried together, then it's good cause . . . for all whether or not they agree to it . . . ." Turley's attorney replied, "[T]hat rule does not apply to [preliminary hearings]," citing *Ramos v. Superior Court* (2007) 146 Cal.App.4th 719 (*Ramos*). The court continued the hearing to February 20.

The court and counsel had a similar discussion on February 20, 2018 after Arnold, Park, Case, and other defendants declined to agree to a time waiver beyond May 17 (90 days from February 16). Turley's attorney stated, "We are waiving the 60 days from February 16th such that it expires on May 17th. We're not waiving our 60-day right. We're extending it." The court responded, "Well, but that's the same as waiving it." But the court clarified, "You're only waiving time to a specific date, which is May the 17th," which the court noted was the "last day to

_____

[3]     Judge Larry Paul Fidler handled the arraignment and subsequent proceedings through denial of Arnold, Case, and Park's joint motion to dismiss. Judge William C. Ryan later ruled on the petitions for writ of mandate.

6

proceed to preliminary hearing without a further waiver." Turley's attorney noted, "And *Ramos* will apply." The court added, "Well, the bottom line is if you don't get it within the statutory agreed date, you can't without their agreement, then the case is dismissed, that's what *Ramos* means. I don't think we have to parse words."

On August 1, 2018 the court granted the People's motion to consolidate the cases.[4] The same day Arnold, Park, and Case were arraigned on the consolidated amended complaints[5] and pleaded not guilty. On August 1, 2018, December 7, 2018, and March 15, 2019 Arnold, Park, and Case agreed to waive time for the preliminary hearing to be held within 60 days of specified dates (setting new "zero of 60" dates), ultimately agreeing the preliminary hearing would be held within 60 days of May 17, 2019.[6]

---

[4] As relevant here, the court consolidated case No. BA462393 with case No. BA455470 (Case), and case No. BA462349 with case No. BA455469 (Arnold and Park).

[5] The consolidated fourth amended complaint filed against Arnold and Park alleged conspiracy to commit insurance fraud (§ 182, subd. (a)(1), 550, subd. (a)(6)), multiple counts of aggravated mayhem (§ 205), mayhem (§ 203), billing fraud (§ 550, subd. (a)(5) & (6)), money laundering (§ 186.10, subd. (a)), patient referral fraud (§ 549; Lab. Code, § 3215), and tax fraud (Rev. & Tax. Code, §§ 19705, subd. (a), 19706). The consolidated third amended complaint filed against Case alleged multiple counts of billing fraud (Pen. Code, § 550, subd. (a)(5) & (6)) and patient referral fraud (§ 549).

[6] On August 1, 2018 and March 15, 2019 the attorneys waived time on behalf of the defendants, and after an inquiry by the court, none of the defendants objected to the time waivers.

7

On May 17, 2019 the court again continued the preliminary hearing and inquired whether the defendants agreed to waive time for the preliminary hearing to be held within 90 days of August 16, "[u]nderstanding that they're waiving and giving up their right to an earlier preliminary hearing date." Arnold, Park, and Case personally agreed to waive time.

On August 16, 2019 the court continued the preliminary hearing to December 6, 2019 as a "zero of 90" date, such that the preliminary hearing would take place within 90 days of December 6. But Arnold, Park, and Case declined to waive time. The court made a finding of good cause, explaining "the case should remain joined together and good cause for one is good cause for anyone who is not waiving."

B.    *Arnold, Park, and Case's Joint Motion To Dismiss*

On November 19, 2019 Arnold, Park, and Case filed a joint motion to dismiss under section 859b, arguing the statute mandated dismissal because the preliminary hearing was continued for longer than 60 days from their arraignments without their personal waiver because they had only agreed to a continuance to November 14, 2019 (90 days after August 16, 2019). The People filed an opposition, arguing that once a defendant waives time past the initial 60-day period, he or she loses the right to demand the preliminary hearing take place within 60 days.

At the hearing on the motion, Case's attorney argued the Court of Appeal in *Ramos, supra*, 146 Cal.App.4th 719

_____

On December 7, 2018 Arnold and Case personally waived time; Park's attorney waived time on behalf of Park, who was not present, pursuant to section 977, subdivision (b).

8

interpreted section 859b to impose a 60-day "outer limit" by which the People have to commence the preliminary hearing, with no exception for good cause, and Case agreed to set the limit at November 14, 2019 by entering a waiver to August 16 as date "zero of 90." He added, "[T]he record is clear that every single time we've been in court going through the colloquy with the court of entering a limited specific waiver that we've done so and especially have done so up to the date of . . . August 16 when we entered into a zero of 90 waiver." Arnold and Park joined in Case's arguments.

The superior court denied the joint motion to dismiss. The court found good cause as to Arnold and Park based on their joinder in the motion to dismiss for violation of the attorney-client privilege because the preliminary hearing would become a "nullity" if the court later granted the motion. As to Case, who argued he did not join the motion to dismiss, the court reasoned "good cause for one is good cause for all," and it found once Case waived time beyond the initial 60-day period, he was subject to the good cause provisions for a continuance under section 1050.1.

C.  *Case's and Arnold and Park's Petitions for Writs of*
    *Mandate in the Superior Court*

On January 14, 2020 Case filed a petition for a writ of mandate in the superior court, seeking to set aside the court's order denying the motion to dismiss under section 859b. On January 22 Arnold and Park jointly filed a similar petition. The three defendants again argued section 859b required dismissal because the preliminary hearing had not been conducted within 60 days of their arraignments and pleas, section 859b did not provide a good cause exception to the 60-day requirement, and

9

their limited waivers beyond the initial 60 days had expired on November 14, 2019.

On May 19, 2020 the superior court granted the petitions. The court found that under *Ramos, supra*, 146 Cal.App.4th 719, "section 1050.1's usual 'good cause for one is good cause for all' provisions no longer apply when outside the 60 days even when one defendant does wish to waive time. This is because after the 60 days, the personal 'waiver requirement is absolute.'" Relying on our opinion in *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631 (*Garcia*), the superior court concluded Arnold's, Case's, and Park's time waivers were "limited time waivers to dates certain" the last of which "ma[de] November 14, 2019, day 90 of 90 for purposes of the preliminary hearing without a further waiver."

On July 8, 2020 the People filed three petitions for writs of mandate directing the superior court to vacate its May 19, 2020 orders granting Arnold's, Park's, and Case's petitions. After receiving supplemental briefing, on August 26, 2020 we issued orders to show cause why relief should not be granted. Arnold, Park, and Case each filed a return, and the People filed a reply as to each defendant.

## DISCUSSION

A.     *Standard of Review*

"We review questions of statutory construction de novo. Our primary task 'in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose.'" (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1041; accord, *Akopyan v. Superior Court* (2020) 53 Cal.App.5th 1094, 1098.) "'We first

10

examine the statutory language, giving it a plain and commonsense meaning.  We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.'" (*Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 381; accord, *California Building*, at p. 1041.) ""'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy."'" (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616-617; accord, *People v. Smith* (2004) 32 Cal.4th 792, 798 ["'[T]he court may consider the impact of an interpretation on public policy, for "[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation."'"].)[7]

---

[7]     "[S]ection 871.6 specifically authorizes a petition for writ of mandate/prohibition in the superior court '[i]f in a felony case the magistrate sets the preliminary examination beyond the time specified in Section 859b, in violation of Section 859b, or continues the preliminary hearing without good cause and good cause is required by law for such a continuance.'  The statute also contemplates that the parties may 'seek review in a court of appeal' after the superior court rules.  (§ 871.6.)" (*Bullock v. Superior Court* (2020) 51 Cal.App.5th 134, 148-149.)  Case contends writ relief is not appropriate, arguing the People will not suffer irreparable harm if relief is not granted.  However, "'our issuance of the order to show cause determined, in effect, that petitioners' remedy at law was inadequate [citation], thus making writ review proper.'" (*Akopyan v. Superior Court of Los Angeles County, supra*, 53 Cal.App.5th 1094, 1099, fn. 4; accord, *Bounds v. Superior Court* (2014) 229 Cal.App.4th 468, 476-477.)

11

B.    *Section 859b Required Dismissal of the Amended*
      *Complaints Against Arnold, Park, and Case*

      1.    *Section 859b*

Section 859b governs the time limits for conducting a preliminary hearing and the consequences of failure to comply with those limits.  (*People v. Standish* (2006) 38 Cal.4th 858, 866; *Garcia, supra*, 47 Cal.App.5th at p. 648.)  The statute is "'supplementary to and a construction of the constitutional right to a speedy trial.'"  (*Standish*, at p. 870; accord, *Garcia*, at p. 648.)  Section 859b has three primary components.  First, "[b]oth the defendant and the [P]eople have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated [following a mental competency determination]."  (§ 859b.)  Second, "whenever the defendant is in custody for 10 or more court days on the pending complaint, 'the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings' unless (a) '[t]he defendant personally waives his or her right to preliminary examination within the 10 court days,' or (b) '[t]he prosecution establishes good cause for a continuance beyond the 10-court-day period.'"  (*Garcia*, at p. 644, quoting § 859b.)  Third, "[t]he magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings [following a mental

12

competency determination], unless the defendant personally waives his or her right to a preliminary examination within the 60 days." (§ 859b.) "Accordingly, 'the magistrate is *required* to dismiss the complaint if the court fails to adhere to the mandatory 10-court-day rule for incarcerated defendants or the 60-day rule for all defendants.'" (*Garcia*, at p. 645.)

### 2. *Arnold, Park, and Case did not enter general waivers of their right to a timely preliminary hearing*

The People contend section 859b does not require dismissal because once Arnold, Park, and Case waived their right to a preliminary hearing within 60 days from the date of their arraignments on the amended complaints, they had no further right to demand a preliminary hearing within a new 60-day period. Arnold, Park, and Case assert they entered only limited time waivers, which were always conditioned on having a preliminary hearing by a date certain, ultimately by November 14, 2019. Defendants have the better argument.

Our opinion in *Garcia, supra*, 47 Cal.App.5th 631, although addressing an in-custody defendant's right to a preliminary hearing within 10 days, is instructive. There, at his arraignment and plea on the original complaint, defendant Naason Garcia agreed to a time waiver of the 10- and 60-day limits under section 859b. (*Garcia*, at p. 637.) But when Garcia was rearraigned on an amended complaint, he did not provide a time waiver. (*Id*. at p. 638.) The court continued the preliminary hearing beyond the 10-day limit but within the 60-day limit, at which time Garcia agreed to waive both the 10- and 60-day limits conditioned on the preliminary hearing being held within 30 days of August 23, 2019 (the "zero of 30" date). (*Id*. at pp. 638-639.) When the

13

preliminary hearing was continued to a date after September 23, Garcia moved for dismissal under section 859b. (*Garcia*, at pp. 640-641.)

We held Garcia's arraignment on the amended complaint was "a new triggering event under section 859b" requiring a preliminary hearing within 10 court days, absent good cause or a waiver. (*Garcia, supra*, 47 Cal.App.5th at p. 648.) The People argued that although Garcia had not waived time at his arraignment on the amended complaint, he subsequently waived the 10-day time limit. (*Id*. at p. 651.) We rejected this argument, explaining Garcia's waiver "was not a general waiver of his right to a preliminary hearing within the statutory 10-day and 60-day periods."[8] (*Garcia*, at p. 651.) Rather, when a defendant "enter[s] a specific and limited time waiver in which he agree[s] to continue the preliminary hearing to a date on or before" a date certain, it "d[oes] not constitute a general waiver of his statutory right to a timely preliminary hearing." (*Id*. at pp. 651-652; see *Irving v. Superior Court* (1979) 93 Cal.App.3d 596, 599 [in-custody defendant's agreement to preliminary hearing date outside 10-day period did not waive his right to a timely preliminary hearing because defendant conditioned his agreement to a later date on his stated assumption he was not waiving time, and therefore his waiver "was based upon a condition which was not met and could therefore not operate as a valid waiver"].)

---

[8]    In *Garcia*, although more than 10 court days passed between the defendant's arraignment on the amended complaint and entry of his limited time waiver, we "assum[ed], without deciding, that a defendant may retroactively waive time under section 859b." (*Garcia, supra*, 47 Cal.App.5th at p. 651.)

Here, as in *Garcia*, Arnold, Park, and Case entered specific and limited time waivers in which they agreed to continue the preliminary hearing on the condition the hearing occur on or before a date certain, ultimately, November 14, 2019—90 days from August 16, 2019.[9] We discern no material difference in the text of section 859b as it pertains to waiver of the 10-court-day limit addressed in *Garcia* and the 60-day limit. Section 859b mandates a preliminary hearing be held within 60 days unless a defendant "personally waives" his or her right, just as it mandates a preliminary hearing within 10 court days for an in-custody defendant unless the defendant "personally waives" his or her right (or the prosecution shows good cause). "[W]ords or phrases given a particular meaning in one part of a statute must be given the same meaning in other parts of the statute . . . ." (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 979; accord, *People v. Santa Ana* (2016) 247 Cal.App.4th 1123, 1142 ["'[I]t is . . . "generally presumed that when a word is used in a particular sense in one part of a statute, it is intended to have the same meaning if it appears in another part of the same statute."'"].) We therefore interpret the phrase "personally waives" in section 859b as we did in *Garcia* to authorize a defendant to enter a specific and limited waiver of his or her right to a preliminary hearing within 60 days of the arraignment or plea.

The People contend "the 10-day right is gone once it is waived," relying on *People v. Alvarez* (1989) 208 Cal.App.3d 567,

---

[9] The People do not dispute that under *Garcia* the arraignment of Arnold, Park, and Case on the amended complaints was "a new triggering event under section 859b" requiring a preliminary hearing within 10 court days absent good cause or a new waiver. (*Garcia, supra*, 47 Cal.App.5th at p. 648.)

570 (*Alvarez*) and *People v. Love* (2005) 132 Cal.App.4th 276, 283 (*Love*), and therefore the right to a preliminary hearing within 60 days is similarly lost once waived. *Alvarez* and *Love* are distinguishable in that both involved general time waivers. In *Alvarez*, the defendant waived his right to commencement of the preliminary hearing within 10 court days. (*Alvarez*, at p. 570.) The magistrate twice continued the hearing to a date within the 60-day period, but the defendant did not enter a further waiver. (*Id.* at pp. 570-571.) The Court of Appeal concluded that once the defendant waived his right to commencement of the preliminary hearing within 10 court days of his arraignment*,* that right was waived for all purposes. (*Id.* at pp. 572-573.) Thus, the magistrate had authority to continue the preliminary hearing beyond the 10-day limit without a new waiver, provided the matter was not continued beyond the 60-day period without the defendant's further personal waiver. (*Id.* at p. 572.)[10]

In *Love*, the court considered whether an out-of-custody defendant who had waived her right to have a preliminary hearing within 10 court days and 60 days of her plea was entitled to a preliminary hearing within 10 court days of her first

---

[10]  At oral argument the People argued *Alvarez* involved a limited time waiver. It did not. As the Court of Appeal explained, the defendant "agreed to waive his right to have his preliminary hearing heard within 10 court days of his arraignment pursuant to section 859b." (*Alvarez, supra*, 208 Cal.App.3d at p. 570; see *id.* at p. 570, fn. 2 ["[D]efendant has conceded on more than one occasion that he 'waived his right' to a preliminary examination within 10 court days of his arraignment."].) Although the magistrate later continued the preliminary hearing to a specific date, that was not by agreement of the defendant. (*Id.* at p. 571.)

16

appearance in custody after she failed to appear and the court issued a bench warrant. (*Love, supra,* 132 Cal.App.4th at pp. 281-283.) The Court of Appeal concluded she was not, explaining "[t]he Legislature has never codified a provision imposing a 10-court-day limit for defendants who, having previously waived time, find themselves in custody after a failure to appear. Nor has the Legislature created a provision for the withdrawal of properly entered waivers." (*Id*. at p. 285.) The *Love* court contrasted section 859b with section 1382 (the speedy trial statute), which the court noted specifically addresses both a defendant's failure to appear and withdrawal of a time waiver. (*Love*, at pp. 285-286.) The court observed the Legislature did not insert "similar provisions in section 859b." (*Id*. at p. 286.) Unlike in *Alvarez* and *Love*, Arnold, Park, and Case never entered a general waiver of the 60-day time limit following their arraignment on the amended complaint. And unlike the defendant in *Love*, Arnold, Park, and Case did not fail to appear.

The People seek to buttress their argument by contrasting section 1382's provisions for a general and limited waiver of the requirement a defendant be brought to trial within 60 days of arraignment on an information or indictment (see § 1382, subd. (a)(2)(A) [general waiver], (B) [limited waiver]) with the Legislature's omission in section 859b of any reference to limited time waivers continuing the preliminary hearing outside the 60-day period. The People argue the Legislature therefore must have intended not to allow limited time waivers that would preserve a defendant's right to dismissal of a complaint if the preliminary hearing is continued beyond an agreed-upon date outside the 60-day period. As the People point out, under section 1382, if a defendant does not provide a general waiver of the 60-

17

day limit, the action must be dismissed if the defendant is not brought to trial within 60 days of his or her arraignment. (*Id*., subd. (a)(2).) If the defendant enters a general waiver of the 60-day limit, the court may continue the trial without the sanction of dismissal unless the defendant personally withdraws the waiver, at which time the case must proceed to trial within 60 days, absent good cause shown. (*Id*., subd. (a)(2)(A).) Alternatively, the defendant may agree to the setting of the trial date beyond the 60-day period (a limited waiver), in which circumstance the case must be brought to trial within 10 days of the specified date absent good cause shown. (*Id*., subd. (a)(2)(B).)

The People's argument ignores the legislative history of sections 859, subdivision (b), and 1382. Because there is more than one reasonable interpretation of section 859, subdivision (b), we consider this history. (*City of San Jose v. Superior Court, supra*, 2 Cal.5th at pp. 616-617.) The Legislature amended section 859b in 1980 to require a preliminary hearing be held within 60 days of arraignment or plea. (Stats. 1980, ch. 938, § 1.) Prior to the amendment, section 859b did not provide for any continuances of the preliminary hearing beyond 10 court days from the arraignment for an in-custody defendant. (Sen. Com. on Judiciary, com. on Assem. Bill No. 2383 (1979-1980 Reg. Sess.) as amended June 26, 1980, p. 2.) Assembly Bill 2383 provided for a continuance of the preliminary hearing beyond the 10-day period for good cause, but it also added the requirement the preliminary hearing be held within 60 days. (*Ibid*.) As the Senate Judiciary Committee bill analysis described the amendment, it "provide[d] that the preliminary examination could not, under any circumstances, be continued beyond 60 days from date of arraignment, unless the defendant personally waived time."

18

(*Ibid.*)[11]  The legislative history does not show, as suggested by the People, any intent to prevent defendants from providing limited (or conditional) time waivers while preserving their right to demand dismissal of the action if the condition is not met.

Further, at the time of the amendment to section 859b in 1980, former section 1382 provided only for limited time waivers, stating, "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: [¶] . . . [¶]  2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . . ; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter." (Stats. 1973, ch. 847, § 1, pp. 1513-1514.)  There is no reason to assume the Legislature intended that section 859b's 60-day rule would operate in a manner different from section 1382 by limiting a

---

[11]  The principal focus of the 1980 amendment was to amend the Penal Code to provide that actions may be dismissed in specified circumstances by a magistrate, not only a "court," after the Supreme Court held in *People v. Peters* (1978) 21 Cal.3d 749 a magistrate is not a court within the meaning of section 1385, which allows dismissal of a criminal action in the "furtherance of justice." (Sen. Com. on Judiciary, com. on Assem. Bill No. 2383 (1979-1980 Reg. Sess.) as amended June 26, 1980, p. 4.)

defendant's right to dismissal of the complaint only to the first 60-day period.[12]

Further, the relevant language of former section 1382 in effect in 1980 was enacted as part of a 1959 amendment that addressed the Judicial Council's concern the pre-1959 language could prevent a defendant from obtaining dismissal of the action where the defendant had requested or agreed to a continuance of his or her trial to a date outside the 60-day period. As the Judicial Council explained, the new language "will clarify the present rule by . . . establishing that dismissal under Section 1382 may be had even though the defendant has previously consented to a delay beyond the statutory period." (Judicial Council of Cal., 17th Biennial Rep. (1959) p. 32; see *Owens v. Superior Court* (1980) 28 Cal.3d 238, 244 [observing the Legislature adopted the Judicial Council's proposed language to amend § 1382 because the pre-1959 language "was unclear as to whether an accused who obtained a postponement of his trial to a date past the 60-day limit thereby lost forever his statutory rights to a speedy trial and a dismissal"].)[13] Where a defendant

---

[12] The principal difference between a defendant's right to dismissal under sections 859b and 1382 is that in the latter case, where the defendant provides a limited time waiver to a date certain, the People have an additional 10-day grace period in which to bring the case to trial. The 10-day grace period was added in 1959 at the request of the Judicial Council of California to "fix[] 10 days as a reasonable time for trial after expiration of the period consented to by the defendant." (Judicial Council of Cal., 17th Biennial Rep., *supra*, p. 32.)

[13] The pre-1959 version of former section 1382 provided, "The court, unless good cause to the contrary is shown, must order the

---

20

has consented to a continuance to a date certain outside the 60-day period, it would make little sense for the Legislature to protect a defendant's right to dismissal of an action for failure to bring the case to trial within 60 days, but not for failure to hold a preliminary hearing within 60 days, both of which implicate a defendant's speedy trial rights.  (See § 859b ["Both the defendant and the people have the right to a preliminary examination at the earliest possible time . . . ."]; § 1050, subd. (a) ["The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time."].)

The People's reliance on the general waiver provision in section 1382 also fails.  In 1991 former section 1382 was amended to allow a defendant to provide a "general waiver of the 60-day trial requirement," under which a defendant may give up his or

action to be dismissed in the following cases:  [¶]  . . .  [¶]  . . . If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the finding of the indictment, or filing of the information . . . ."  (Stats. 1951, ch. 1674, § 140, p. 3856.)  The reference to a defendant "whose trial has not been postponed upon his application" was removed by the 1959 amendment and replaced with the limited waiver language.  (Stats. 1959, ch. 1693, § 3, p. 4093.)  In proposing the 1959 amendment, the Judicial Council cited to the Supreme Court's decision in *In re Lopez* (1952) 39 Cal.2d 118, 120, in which the court interpreted the former language to mean the defendant's consent to a continuance outside the 60-day period resulted in his loss of the right to dismiss the action under section 1382 when the trial was later continued over his objection, although he preserved his constitutional right to a speedy trial.  (See Judicial Council of Cal., 17th Biennial Rep., *supra*, at p. 32.)

21

her right to demand dismissal of the action if not brought to trial within 60 days, but the provision allows the defendant later to withdraw the waiver. (Stats. 1991, ch. 655, § 3, p. 3016.4.) The 1991 amendment preserved the limited time waiver (Stats. 1991, ch. 655, § 3, p. 3017), now found in section 1382, subdivision (a)(2)(B).[14] Contrary to the People's assertion, the purpose of the 1991 amendment was to provide additional flexibility for courts and parties by allowing defendants to provide a general time waiver that affords more time to prepare for trial than the 10-day grace period applicable after a limited time waiver (that is, a full 60 days from a defendant's withdrawal of a general time waiver).[15] (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 651 (1991-1992 Reg. Sess.) as amended Apr. 8, 1991, p. 2 ["The purpose of this bill is . . . to clarify and remedy many of difficulties inherent in existing law pertaining to the time period in which defendants are to be brought to trial."]; *id.* at p. 4 [noting the amendment to § 1382 was sponsored by the Alameda County District Attorney's Office, which asserted the pre-amendment statute "has resulted in mass confusion in the Superior Courts and has severely restricted the

---

[14] As the Senate Judiciary Committee report explains, the amendment retains the right of a defendant to be brought to trial within 60 calendar days "but allows the setting of a date beyond 60 days when the defendant requests or expressly/impliedly consents to such a date." (Sen. Com. on Judiciary, Analysis on Sen. Bill No. 651 (1991-1992 Reg. Sess.) as amended Apr. 8, 1991, p. 3.) The 1991 amendment also changed the 10-day grace period from 10 calendar days to 10 court days. (*Ibid.*)

[15] Section 1382 was amended several times after 1991, but those amendments do not affect our analysis or the result.

ability of trial courts to adequately supervise their calendars—many of which are overwhelmed by pending criminal cases"].) Nothing in this history suggests the Legislature somehow intended in section 859b to restrict defendants to general time waivers.

Certainly section 859b does not contain the complex scheme for time waivers applicable to trials under section 1382, but neither does it contain former section 1382's pre-1959 language that potentially eliminated a defendant's right to dismissal of the action once he or she agreed to a time waiver outside the initial 60-day period. Nor does it provide by its terms for a "general waiver" of a defendant's right to a preliminary hearing with 60 days. We conclude a reasonable reading of section 859b, in light of the clear legislative intent behind sections 859b and 1382 to protect a defendant's statutory speedy trial rights, is that section 859, subdivision (b), allows both general and limited time waivers, thereby preserving a defendant's right to demand the preliminary hearing take place within 60 days of arraignment or plea, or an agreed-upon date certain. Where a defendant gives a limited time waiver conditioned on the preliminary hearing occurring by a specified date, if the preliminary hearing is continued beyond that date without the defendant's consent, the defendant has not "personally waive[d] his or her right to a preliminary examination within the 60 days" because the condition of his or her waiver (holding the preliminary hearing by a date certain) has not been met. (§ 859b.) Thus, as here, the complaint must be dismissed.

The purpose of section 859b—to protect defendants from lengthy delays before a finding of probable cause—supports our construction of the statute. As the Supreme Court explained in

23

*Stroud v. Superior Court* (2000) 23 Cal.4th 952, 964-965, "[T]he rule for prompt *commencement* of the preliminary examination" is aimed "at ensuring that one does not languish unnecessarily in custody, or under the cloud of a criminal complaint, without a judicial finding of probable cause." (Accord, *Alvarez, supra*, 208 Cal.App.3d at p. 573 ["For a defendant not in custody, '[the] 60-day limit [of section 859b] acts to protect [his or her] right to a speedy preliminary examination by insuring . . . that, despite good cause for postponement beyond 10 days, the matter cannot be postponed indefinitely.'"].) Under the People's interpretation, a defendant would have to demand a preliminary hearing within the first 60 days following his or her arraignment or lose the right to hold the prosecution to a preliminary hearing by a date certain. But there is nothing in section 859b or its legislative history that suggests the Legislature intended such a draconian rule that would force a defendant to refuse a time waiver at the arraignment or forever lose the right to dismissal of the action even where the preliminary hearing is serially or indefinitely delayed. The history of the companion provision in section 1382 suggests legislative intent to the contrary. Further, the People's reading of section 859b would not serve the efficient administration of criminal justice because a defendant would effectively be prevented from agreeing to a limited continuance to allow his or her attorney to prepare for the preliminary hearing or to accommodate a reasonable request by the prosecution for a limited delay. As defense counsel explained at oral argument,

24

defendants would never waive time if their waiver meant they were forever forfeiting their statutory speedy trial rights.[16]

       3.     *There is no good cause exception to section 859b's requirement a preliminary hearing be held within 60 days of the defendant's arraignment or plea*

Alternatively, the People contend the court was authorized to continue the preliminary hearing for good cause once Arnold, Park, and Case entered personal time waivers to maintain the joinder of their codefendants under section 1050.1.[17] We rejected this argument in *Ramos, supra*, 146 Cal.App.4th at page 731.

In *Ramos*, the magistrate granted several continuances of the preliminary hearing to a date more than 60 days after the arraignment—over the defendant's objection—at the request of her codefendants. (*Ramos, supra*, 146 Cal.App.4th at p. 724.) We

---

[16]    A defendant would retain his or her constitutional right to a speedy trial, but this right does not provide the same certainty that section 859b provides to ensure the preliminary hearing is held by a specified date.

[17]    Section 1050.1 provides, "In any case in which two or more defendants are jointly charged in the same complaint, indictment, or information, and the court or magistrate, for good cause shown, continues the arraignment, preliminary hearing, or trial of one or more defendants, the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue the remaining defendants' cases so as to maintain joinder. The court or magistrate shall not cause jointly charged cases to be severed due to the unavailability or unpreparedness of one or more defendants unless it appears to the court or magistrate that it will be impossible for all defendants to be available and prepared within a reasonable period of time."

concluded the magistrate was not authorized to continue the preliminary hearing beyond the 60-day limit prescribed by section 859b, regardless of whether good cause supported the continuance under section 1050.1, in the absence of a personal waiver of the 60-day limit.  (*Ramos*, at pp. 731, 735.)  We reasoned, "[N]othing in section 1050.1 . . . signals an intent to provide a good-cause exception to the strict 60-day rule in section 859b . . . ."  (*Ramos*, at p. 722; accord, *Lacayo v. Superior Court* (2020) 56 Cal.App.5th 396, 400 ["the 60-day rule is absolute and there is no good-cause exception to the rule"]; *Del Castillo v. Superior Court* (2019) 38 Cal.App.5th 1117, 1120 ["Although section 859b includes a good-cause exception to the 10-court-day rule, there is no exception from the 60-day rule, which indicates the Legislature did not intend a good-cause exception can apply to the 60-day rule."].)

The People acknowledge the holding of *Ramos* but argue a magistrate may continue the preliminary hearing of a nonconsenting defendant under section 1050.1 to maintain joinder with codefendants if that nonconsenting defendant has previously entered a waiver of the 60-day rule.  There is no support in the text of section 859b or section 1050.1 for the People's position.  Rather, as we observed in *Ramos*, "the plain language of section 859b's 60-day rule establishes the right to a preliminary hearing within 60 days of arraignment is absolute absent a defendant's personal waiver."  (*Ramos*, *supra*, 146 Cal.App.4th at p. 729.)  The People have not presented a convincing reason for us to reconsider our holding in *Ramos*, and we decline to do so.

26

### 4. *The defendants' disqualification motion did not toll the 60-day time limit*

The People alternatively contend, relying on *People v. Lind* (2014) 230 Cal.App.4th 709, the pending defense motion to dismiss or disqualify the district attorney's office effectively prevented the court from conducting the preliminary hearing given the possibly tainted prosecutor, thus tolling the 60-day period. The People's reliance on *Lind* is misplaced. There, a defendant filed a motion to disqualify the magistrate, after which counsel agreed upon a continuance of the preliminary hearing so the motion could be heard. After the court granted the motion to disqualify, the defendant moved to set aside the information because the preliminary hearing was not held within the 60-day limit of section 859b. (*Lind*, at p. 712.) The trial court granted the motion to dismiss, but the Court of Appeal reversed, explaining "a defendant's motion to disqualify the magistrate for cause tolls the time limit for a preliminary hearing." (*Id.* at pp. 711, 714-715; see Code Civ. Proc., § 170.4, subd. (d) ["Except as provided in this section, a disqualified judge shall have no power to act in any proceeding after his or her disqualification or after the filing of a statement of disqualification until the question of his or her disqualification has been determined."].) The court reasoned, "It is absurd to construe section 859b to mean the 60-day time limit for a preliminary hearing continues to run when the magistrate is powerless to conduct the hearing because of a motion filed by the defendant." (*Lind*, at p. 715.)

The People cite no authority for the proposition a defendant's motion to disqualify the prosecutor's office under section 1424 similarly divests the magistrate of jurisdiction to conduct a preliminary hearing. It does not. Rather, the

magistrate has authority to resolve a motion to disqualify the district attorney for cause.  (See § 1424, subd. (a)(1).)  Here, the motion to disqualify the district attorney's office was filed on February 1, 2018 and had been pending for over a year when Arnold, Park, and Case declined further to waive time.  Further, the People had 90 days from the time Arnold, Park, and Case announced they would no longer waive time in which to obtain a hearing on the disqualification motion.  Whatever the reason for the protracted adjudication of the defense motion, Arnold, Park, and Case had a right a timely preliminary hearing regardless of whether they joined the disqualification motion.  They were denied this right.

## DISPOSITION

The petitions are denied.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.