Filed 9/28/22  P. v. Soth CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>RY SOTH,<br><br>    Defendant and Respondent. | B314549<br><br>(Los Angeles County<br>Super. Ct. No. NA116954) |

APPEAL from an order of the Superior Court of Los Angeles County, Debra A. Cole, Judge.  Reversed and remanded with directions.

George Gascon, District Attorney of Los Angeles County, Tracy Whitney and Kenneth Von Helmolt, Deputy District Attorneys, for Plaintiff and Appellant.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Respondent.

—————————————

The People appeal the superior court's order dismissing the criminal complaint against Ry Soth. The court denied the People's motion to continue the preliminary hearing for three days to obtain testimony from one of the police officers who arrested Soth. The court found the People had not demonstrated good cause for the continuance and granted Soth's motion to dismiss.

The People argue the court erred when it required them to demonstrate good cause to continue the preliminary hearing because Soth was not in custody at the time of the arraignment and had given a general, unqualified waiver of his rights under Penal Code section 859b[1] to a preliminary hearing within 10 court days and 60 calendar days after the arraignment. The People additionally assert the court erred in finding they failed to show good cause for the continuance and in dismissing the complaint.

Although Soth did not give an unqualified waiver under section 859b, and the court did not abuse its discretion in determining the People lacked good cause for the continuance, because Soth was out of custody and the People sought to continue the preliminary hearing to a date within 60 calendar days of the arraignment, Soth was not entitled to an automatic dismissal of the complaint. Soth also failed to demonstrate that he would suffer prejudice if the court had granted the People's request for a brief continuance of the preliminary hearing. Accordingly, we reverse the order and remand for further proceedings.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Incident*

On January 24, 2018, Long Beach Police Officers Eileen Maes and Emily Garcia responded to a traffic accident near the intersection of Pasadena Avenue and 21st Street.[2] When the officers arrived they saw a white Cadillac on 21st Street, east of Pasadena Avenue, "stopped along the north parking lane."  The vehicle had significant front-end damage, and the driver's side airbag had deployed.

The officers saw Soth standing on the sidewalk near the car.  He had blood on his face and blood dripping from his nose.  Officer Maes[3] asked Soth if he had been involved in a traffic accident and if he had been driving the white Cadillac.  Soth responded, "No, I was just walking."  When asked additional questions about the incident, Soth's responses were incoherent.  The officers noticed Soth had poor balance and extremely slurred speech.  He smelled of alcohol, had red bloodshot eyes and a red flushed face.  They concluded Soth was intoxicated.

Officer Garcia interviewed Soth's brother, Sopeautra Soth (Sopeautra, so as not to be confused with Ry Soth), who was a passenger in the white Cadillac at the time of the accident and

---

[2]    The facts describing the incident are taken from the probation report and from the prosecutor's declaration in support of the motion to continue the preliminary hearing.

[3]    While the probation report does not specify which officer spoke to Soth, according to the prosecutor's declaration in support of the motion to continue, Officer Maes interviewed Soth.

was at the scene when the officers arrived.[4]  Sopeautra stated Soth was driving the vehicle at the time of the accident.  He said that before the accident Soth was driving about 15 miles an hour, swerving all over the road and colliding with parked vehicles. Soth stopped driving only after the front passenger tire fell off the Cadillac.  Soth got out of the car and started to walk away. Sopeautra claimed he punched Soth seven to eight times in the face to stop him from leaving the accident scene.

Because of his facial injuries and his apparent intoxication, the officers did not conduct a field sobriety test on Soth.  Soth was transported to Saint Mary's Medical Center.[5]

B.     *The Initial Filing and Dismissal*

On October 17, 2018, the People filed a felony complaint against Soth, alleging driving under the influence of alcohol (DUI) and driving with elevated blood alcohol, with three prior convictions for DUI offenses within 10 years.  (Veh. Code, §§ 23152, subds. (a) & (b), 23550, 23538, 23578.)  The complaint further alleged misdemeanor charges of hit-and-run driving and driving on a suspended or revoked license due to driving under

---

[4]     As stated in the prosecutor's declaration in support of the motion to continue, the police report noted that Officer Garcia interviewed Sopeautra.  The police report was not included in the appellate record, and nothing in the record before this court discloses whether Officer Maes was also present during that interview.

[5]     According to the prosecutor, Officer Maes later observed Soth's blood draw for the purpose of determining his blood alcohol level.

4

the influence of alcohol (Veh. Code, §§ 20002, subd. (a), 14601.2, subd. (a)).

On June 30, 2020, Soth pleaded not guilty to the charges. He posted bail and was released from custody. Soth's preliminary hearing was continued several times until December 9, 2020, when the court granted his motion to dismiss the charges after the prosecution announced it could not proceed.[6]

C.     *Second Filing and Current Proceedings*

On May 7, 2021, under section 1387, the People refiled the felony complaint alleging the same charges as the initial complaint.[7] On May 10, 2021, Soth appeared out of custody with counsel for the arraignment. He posted $30,000 bail and pleaded not guilty to the complaint. According to the minute order from the May 10, 2021 arraignment,[8] the court set the pre-hearing conference for May 28, 2021, and set Soth's preliminary hearing for June 17, 2021, "as day 29 of 30."[9]

---

[6]     The record does not reveal why the prosecution could not proceed with the preliminary hearing in December 2020.

[7]     Section 1387 provides the criteria that permits the People to refile charges that have been dismissed, but the section "may be invoked only once in each action."  (§ 1387, subd. (a)(3).)

[8]     The appellate record does not contain a reporter's transcript from the May 10, 2021 arraignment.

[9]     On March 30, 2020, in response to the COVID-19 pandemic, the Chief Justice of the California Supreme Court issued an order that, among other things, extended the time period in which to hold a preliminary hearing (provided in section 859b) from 10 court days to not more than 30 court days.

5

At the May 28, 2021 pre-hearing conference, the following discussion occurred:[10]

"The Court: So the prelim date is already June 17th.

"[Soth's Counsel]: We would like to vacate that and set it for June 18th, which would be the 30 of 30 on that day.

"The Court: Okay. Then we will set it for June 18th.

"[Prosecutor]: Good? It would be 30 of 30.[11]

"[Prosecutor]: We normally have it so if there is a witness problem we have an extra day. If we would stipulate that that's 29 of 30.

"The Court: Is your client going to give me a one-day

---

On April 2, 2020, the presiding judge of the Los Angeles County Superior Court issued a general order that reiterated that time extension: "The time period provided in section 859b of the Penal Code for the holding of a preliminary examination and the defendant's right to release is extended from 10 court days to not more than **thirty (30) court days**." The general order was still in effect in 2021. As a result, when counsel and the court referred to day 30, it was the equivalent of day 10 in section 859b.

[10]   Judge Tomson T. Ong presided over the pre-hearing conference. Judge Debra A. Cole presided over the June 2021 proceedings.

[11]   It is unclear how the court and counsel calculated 30 days from Soth's arraignment on May 10, 2021, to his preliminary hearing. Because neither party challenges the accuracy of the calculation, we do not address the dates further on appeal.

time waiver to accommodate you? They want 29 of 30.

"[Prosecutor]: Otherwise, leave it as scheduled.

"The Court: Because I already set it, that will save you from having to file a 1050.

"[Soth's Counsel]: Yeah. No, that's –

"The Court: Then you could pick a date.

"[Soth's Counsel]: That's fine, the 18th.

"The Court: Mr. Soth, will you give me a one-day time waiver? You have a right to a preliminary hearing within 10 court days and 60 calendar days. Do you understand, waive those rights and enter a general time waiver?

"[Soth]:      Yes.
[¶¶]

"The Court: That will be 29 of 30 on June 18th, just so that we have that flexibility."

On June 18, 2021, the prosecutor filed a motion seeking to continue the preliminary hearing to June 24 because Officers Maes and Garcia were unavailable on June 18. The prosecutor reported that his office issued subpoenas to Officers Maes and Garcia on June 1, 2021, but on June 17, 2021, the Long Beach Police Department informed him the officers were on vacation with Officer Maes returning on June 23 and Officer Garcia returning on June 24.

7

The prosecutor's declaration also stated that Officer Maes interviewed Soth, observed objective signs of his intoxication and watched Soth's blood draw. The prosecutor asserted that Officer Maes was a necessary witness for the preliminary hearing because her testimony was material and not cumulative of Officer Garcia's testimony. The prosecutor also declared that Officer Garcia interviewed Sopeautra about how Soth had been driving before the accident and his conduct afterward. According to the prosecutor's declaration: "Officer Garcia's testimony is not cumulative and is material, as [s]he is needed to potentially impeach [Sopeautra] should [Sopeautra] testify differently at the preliminary hearing. The people therefore believe that [Officer Garcia] too is a necessary witness." The prosecutor asked the court to continue the preliminary hearing until June 24, 2021, under sections 1050, 1328 and *Jensen v. Superior Court* (2008) 160 Cal.App.4th 266 (*Jensen*). The court instead trailed the preliminary hearing to June 21, 2021, as day 30 of 30.

On June 21, 2021, Officer Maes appeared at the hearing, but Officer Garcia was not present. At the outset of the proceedings, the court heard the People's motion to continue under section 1050. Soth opposed the motion, arguing it was not timely under section 1050 because it was filed only one court day before the hearing rather than two court days as required by subdivision (b) of section 1050. Soth's counsel pointed out that on June 17 the prosecutor knew that the officers were unavailable and should have filed the motion and provided notice that day. Soth's counsel also argued the prosecutor did not have good cause to support a continuance.

The prosecutor said he did not file the motion on June 17 because he "needed to see where we were at on June 18, whether

8

[Sopeautra] showed up." The prosecutor acknowledged that although a subpoena was issued for Sopeautra to appear on June 18, he could not confirm whether Sopeautra had been served. The prosecutor suspected he had not been served because Sopeautra did not appear on June 18. The prosecutor stated, "Back on the 17th, I didn't know if he would show on the 18th, which was also when this case was last in court. And I thought potentially through interviewing him, I wanted to see where I was at in terms of proving up the charges." The prosecutor also noted that he had made further attempts to subpoena Sopeautra for June 21 but acknowledged that he had not appeared.

The prosecutor stated that although Officer Maes was present, he did not believe he could proceed with the preliminary hearing because Officer Garcia was unavailable. Counsel and the court discussed the application of *Jensen* and whether the prosecutor had been diligent in securing the availability of the officers. Soth's counsel argued that the prosecution had not been diligent, pointing out that this was the second time the case had been filed and that allowing a continuance would give the prosecution "a pass." Initially the court disagreed and concluded the prosecutor had timely issued subpoenas for the officers and found the prosecution had been diligent under *Jensen*. Soth's counsel asked for a short break to read *Jensen*, which the court granted. When the proceedings resumed, the following discussion occurred:

> "The Court: On the Ry Soth case, I have had a chance to really read your motion, [Prosecutor].
>
> "[Prosecutor]: Yes.
>
> "The Court: And my understanding is you want the

9

other officer [Garcia] here to 115[12] the passenger's testimony.

"[Prosecutor]: That's correct.

"The Court: And why would that preserve it for trial? It's 115.

"[Prosecutor]: The purpose is not to preserve it for trial.

"The Court: That's what you're saying right here. It is not cumulative. It is material. It is needed to potentially impeach . . . [Soth's brother, Sopeautra] should he testify differently at a preliminary hearing. People, therefore, believe that he too is a necessary witness.

"[Prosecutor]: Yes, well, at the moment we don't even have that brother, and I believe the brother's initial statement is necessary to prove that the defendant was the driver.

---

12     The court's comment regarding "115" refers to a method of presenting certain hearsay evidence at a preliminary hearing as authorized under Proposition 115. Specifically, under Proposition 115, as implemented in section 872, subdivision (b), of the Penal Code, criminal defendants can be held to answer on felony charges based upon hearsay statements made to police officers who have a specified level of experience or training. For instance, out-of-court statements of an eyewitness or victim concerning the identity of the perpetrator could be substituted for the live testimony of the witness or victim at the preliminary hearing.

"The Court:  But you're not getting the brother's statement in other than by 115.  That officer can testify at trial to impeach him.  So I am finding that that's not good cause to continue it.  You can make the case with the first officer.  You have Officer Maes here who interviewed the defendant, observed objective signs of intoxication and observed the defendant's blood draw.  That's all you need.  [Your] request to continue under 1050(g) is denied."

The prosecutor pointed out that he had to prove Soth was the driver through Sopeautra's testimony or Officer Garcia's testimony relaying Sopeautra's statement and that neither of those witnesses was present.  The court reiterated that the motion was denied.  The court then asked whether the prosecutor was ready to proceed with Officer Maes, and the prosecutor responded by asking for a few minutes, which the court granted.  After the break, the following occurred:

"The Court:  Status?

"[Prosecutor]:  Your Honor, we're unable to proceed.

"The Court:  Motion?

"[Soth's Counsel]:  Dismiss.

"The Court:  Case is dismissed 1382."

The People filed a timely notice of appeal.

11

# DISCUSSION

The People argue the superior court erred in denying the motion for a continuance of the preliminary hearing and dismissing the case. Specifically, the People assert that the court: improperly required the prosecutor to demonstrate good cause to obtain a continuance of the preliminary hearing; abused its discretion in determining the prosecution failed to show good cause for the continuance; and lacked authority to grant Soth's motion to dismiss. We address these issues in turn.

## A. *The Court Did Not Err in Requiring the Prosecution to Show Good Cause To Continue the Preliminary Hearing*

### 1. *Standard of Review*

We review questions of statutory construction de novo. (*People v. Jones* (2001) 25 Cal.4th 98, 107-108.) Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. (See *People v. Valencia* (2000) 82 Cal.App.4th 139, 144-145 [construing § 12022.53, subd. (d)].) This court considers ""the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.'" [Citations.] ""If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" [Citations.] "'[T]he court may consider the impact of an

12

interpretation on public policy, for '[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation.'"'" (*People v. Superior Court* (*Arnold*) (2021) 59 Cal.App.5th 923, 931 (*Arnold.*)

2. *Section 859b and Time Waivers*

Section 859b specifies the timing of scheduling preliminary hearings in felony cases and the consequences for failing to meet those time requirements. The statute is supplementary to (and a construction of) the constitutional right to a speedy trial. *Arnold, supra,* 59 Cal.App.5th at p. 932; *People v. Figueroa* (2017) 11 Cal.App.5th 665, 673-676.)

Section 859b describes two timeframes for conducting the preliminary hearing. First, it confers the right to a preliminary hearing at the earliest possible time on both parties to a criminal action, providing that, ordinarily, the preliminary hearing shall be held within 10 court days of the date the defendant is arraigned. (Hereafter, the "10-day rule.") The prosecution may obtain a continuance beyond that period only upon a showing of good cause or if the defendant agrees to waive time. (See § 859b, 2d par.;[13] *Arnold, supra,* 59 Cal.App.5th at p. 932; see also *People v. Alvarez* (1989) 208 Cal.App.3d 567, 573 (*Alvarez*) [language in

---

[13] The second paragraph of section 859b provides: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2." (§ 859b.)

13

section 859b "'within 10 court days'" operates as a definition of the phrase "earliest possible time"].) Section 859b is unequivocal: when a defendant is in custody and the preliminary hearing is set or continued beyond 10 days after the arraignment, plea or reinstatement of criminal proceedings, the court "shall dismiss the complaint" unless the defendant personally waives the 10-day rule, or the People show good cause for a continuance beyond that period. (§ 859b, 3d par.; accord, *Arnold, supra,* 59 Cal.App.5th at p. 932.)

Second, as an outside time limit, regardless of a defendant's custody status, "[t]he magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings," absent defendant's personal waiver of the 60-day period. (§ 859b, 6th par.; *Arnold, supra,* 59 Cal.App.5th at p. 932.) (Hereafter the "60-day rule.")

Under section 859b's framework, whether the prosecution is required to show good cause to obtain a continuance of a preliminary hearing depends on whether the date sought is within the timeframes delineated in section 859b and whether the defendant has provided a waiver of the 10-day rule in section 859b. If the defendant has entered a waiver of the 10-day rule, regardless of the defendant's custodial status, the prosecutor does not have to show good cause to continue beyond 10 court days so long as the hearing is held within 60 days after the arraignment.[14] (§ 859b, 2d & 3d pars.; *Alvarez, supra*, 208 Cal.App.3d at pp. 572, 575; accord, *People v. Henderson*

---

[14] Neither party is required to show good cause if a continuance is sought for a date that is fewer than 10 court days from the arraignment on the complaint. (§ 1050, subd. (k).)

14

(2004) 115 Cal.App.4th 922, 931-932 (*Henderson*).) However, if the defendant has not waived the 10-day rule, then good cause must be shown to extend the hearing date beyond 10 days after the defendant's arraignment on the complaint. (See § 859b, 2d & 3d pars.; see also *Henderson,* at p. 931 [observing that only one condition needs to be met to obtain a continuance of the 10-day rule, either waiver or a showing of good cause].)

In addition, the issue of waiver is not an all-or-nothing proposition. A defendant may enter a general and unqualified waiver, or a conditional or limited waiver of the 10-day rule. (See *Arnold, supra*, 59 Cal.App.5th at pp. 933-934 [recognizing that section 859b permits a defendant to enter a specific and limited waiver of the right to a preliminary hearing within the timeframes expressly specified in section 859b]; see also *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631, 651-653 *(Garcia)* [acknowledging that when a defendant "enter[s] a specific and limited time waiver in which he agree[s] to continue the preliminary hearing to a date on or before" a date certain, it "d[oes] not constitute a general waiver of his statutory right to a timely preliminary hearing," and any continuance beyond the conditional or limited waiver requires a showing of good cause by the party seeking the continuance]; *Irving v. Superior Court* (1979) 93 Cal.App.3d 596, 599 [in-custody defendant's agreement to a preliminary hearing date outside the 10-day period did not waive his right to a timely preliminary hearing because defendant conditioned his agreement to a later date on his stated assumption that he was not waiving time, and as a result his waiver "was based upon a condition which was not met and could therefore not operate as a valid waiver"].)

15

3. *Analysis*

The People maintain the court erred when it required the prosecution to show good cause to continue the preliminary hearing beyond June 21, 2021, because Soth entered a general waiver of both the 10-day rule and the 60-day rule at the pre-hearing conference on May 28, 2021. While Soth acknowledges that he and the court used the word "general" to describe his time waiver, he argues that he never agreed to an unqualified waiver of his rights under section 859b. Instead, Soth asserts he entered a limited and conditional waiver of the 10-day rule when he was arraigned, agreeing that the preliminary hearing would occur no later than June 17, 2021, as "day 29 of 30"; and then later, at the May 28, 2021 pre-hearing conference, he only agreed to modify his prior waiver for an additional day to permit the hearing to occur on June 18 as "day 29 of 30."

While the word "general" as used by counsel, the court and Soth to repeatedly describe Soth's time waiver is perplexing, the appellate record supports Soth's view that he agreed to a limited and conditional waiver and not an unqualified waiver of his rights under section 859b. Throughout the proceedings the parties and the court acted as if Soth had entered a limited waiver rather than a general waiver of his 10-day and 60-day rights. The record does not show, nor do the People claim, that Soth entered a general and unqualified waiver of his rights under section 895b at his arraignment on May 10, 2021. We infer from the court's statement at the arraignment setting the preliminary hearing for June 17 as "day 29 of 30," that Soth entered a limited waiver of his 10-court-day right, conditioned on the preliminary hearing occurring on June 17, 2021. The record from the subsequent hearings supports this interpretation. At the pre-

16

hearing conference on May 28, 2021, the court asked Soth to agree to a "one-day waiver" to make June 18 rather than June 17, day 29 of 30. The court immediately followed that request with a reminder that Soth had "a right to a preliminary hearing within 10 court days [extended to 30 days under the general order due to COVID-19] and 60 calendar days." Although the court asked if Soth would "waive those rights and enter a general time waiver," within moments the court characterized the modification of the waiver more strictly: "That will be 29 of 30 on June 18th just so that we have that flexibility."

Given the totality of the circumstances, the court's reference to the waiver as "general" while describing Soth's rights under section 859b was a non sequitur. If, as the People posit, Soth's waiver was unqualified and general, at the May 28 pre-hearing conference the court would not have needed to ask Soth for a one-day waiver, nor would it have made sense for the court to articulate the preliminary hearing date as day "29 of 30" because that clarification would have been irrelevant. The fact that the court asked Soth at the pre-hearing conference to confirm his agreement with the additional brief waiver of time supports Soth's view that his "general" time waiver was not an unconditional waiver of his rights under section 859b. It is also consistent with how the parties acted at the June 21, 2021 preliminary hearing, when the court and parties behaved[15] as if

---

[15] The prosecution did not claim, either in its motion to continue the preliminary hearing or at the June 21 hearing, that it was relieved from showing good cause to continue the preliminary hearing because Soth had entered a general and unqualified waiver of his rights under section 859b. If, as the People argue, Soth had entered a general waiver at the pre-

17

Soth had only agreed to a modification of his prior limited waiver of the 10-day rule.  As a result, the court did not err in requiring the prosecutor to demonstrate good cause under section 1050 to obtain a continuance of the preliminary hearing beyond the date of Soth's limited waiver.  (See *Garcia, supra,* 47 Cal.App.5th at pp. 652-653.)

B.      *The Court Did Not Abuse Its Discretion in Finding the Prosecutor Did Not Show Good Cause for Continuance*

In general, continuances are disfavored in criminal proceedings; they are granted only upon a showing of good cause. (§ 1050, subds. (a) & (e).)  The trial court has wide discretion to grant or deny a defendant's request for a continuance.  (*People v. Clark* (2016) 63 Cal.4th 522, 551.)  "[I]n making its good-cause determination, a trial court must consider all of the relevant circumstances of the particular case, 'applying principles of common sense to the totality of [the] circumstances . . . .'" (*People v. Sutton (*2010) 48 Cal.4th 533, 546.)

The unavailability of a witness constitutes good cause for a continuance where:  (1) the party seeking the continuance exercised due diligence to secure the attendance of the witness; (2) the witness's testimony is material; (3) the testimony is not cumulative; (4) the testimony can be obtained within a

hearing conference on May 28, the People would not have been required to show good cause to continue.  That the parties and the court engaged in an in-depth discussion about whether the prosecution demonstrated good cause to continue under section 1050 reinforces the conclusion that Soth's waiver on May 28 was not general and unqualified.

18

reasonable time; and (5) the facts about which the witness would testify cannot otherwise be proven.  (*Jensen, supra,* 160 Cal.App.4th at pp. 270-271, 274; *Baustert v. Superior Court* (2005) 129 Cal.App.4th 1269, 1277 (*Baustert*).)  The party seeking the continuance has the burden of proving that each of the above elements of the *Jensen* test is met.  (*Baustert,* at p. 1277.)

"Once a continuance has been denied, the burden is on appellant to establish an abuse of discretion."  (*People v. Strozier* (1993) 20 Cal.App.4th 55, 60.)  "'In deciding whether the denial of a continuance was so arbitrary as to violate due process, the reviewing court looks to the circumstances of each case, "particularly in the reasons presented to the trial judge at the time the request [was] denied."'"  (*People v. Froehlig* (1991) 1 Cal.App.4th 260, 265.)  "'Discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered.'"  (*Ibid.*)

The record shows the court considered the factors in *Jensen* when it evaluated whether Officer Garcia's unavailability constituted good cause to continue the preliminary hearing, including whether the prosecutor had demonstrated diligence in securing the attendance of Officer Garcia.  Ultimately, the superior court denied the People's motion to continue, finding that the prosecutor had not shown good cause to continue the preliminary hearing based on the court's belief that the testimony of Officer Garcia was unnecessary for the prosecution to satisfy the People's burden at the preliminary hearing.  The prosecutor disagreed, arguing the only evidence to prove Soth had been driving the car—a required element of the DUI offense—was Sopeautra's statements, and neither Sopeautra nor Officer Garcia (who interviewed Sopeautra at the scene of the accident)

19

was present at the hearing on June 21, 2021. Yet, in the court's view, the prosecution could prove the case with evidence provided by Officer Maes, who was present at the hearing and available to testify. The court explained that Officer Maes was at the scene of the incident and observed and interviewed Soth. The court gave the prosecution the opportunity to present evidence from Officer Maes at the hearing, but the prosecutor declined the offer.

Given the record before us, the People have not shown the court abused its discretion in denying the motion to continue. The People have not demonstrated that only Officer Garcia could provide the evidence to prove that Soth was driving. As the court recognized, Officer Maes responded to the accident and interviewed Soth. Officer Maes saw the damaged Cadillac, including the deployed airbags and missing front tire, and observed Soth in an impaired and bloody condition near the car. From the testimony of Officer Maes, the court could have inferred Soth was driving and that he attempted to leave the scene of the accident. (E.g., *People v. Wilson* (1985) 176 Cal.App.3d Supp. 1, 7 ["'From the combination of circumstances—defendant's sitting in a vehicle in the center of the street—behind the wheel—engine running—lights on, it can be inferred that defendant must have placed himself in such position, and that he accomplished this by driving the car to the place at which he was found.'"]; *People v. Hanggi* (1968) 265 Cal.App.2d Supp. 969, 971-972 [same].)

In light of the low standard of proof required at a preliminary hearing, it was not beyond reason for the superior court to conclude that the prosecution could sustain its burden of proof based on Officer Maes's testimony and the reasonable inferences drawn from it. (See *Williams v. Superior Court of Los Angeles County* (1969) 71 Cal.2d 1144, 1148 ["although there

20

must be *some* showing as to the existence of each element of the charged crime [citation] such a showing may be made by means of circumstantial evidence supportive of reasonable inferences on the part of the magistrate"].)  "The evidentiary showing required for a preliminary hearing is not substantial.  A defendant may be held to answer 'if there is some rational ground for assuming the possibility that an offense has been committed and that the accused is guilty of it.  [Citation.]  The information will be set aside only where there is no evidence that a crime has been committed or there is no evidence to connect the defendant with a crime shown to have been committed.  [Citation.]  Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information.  [Citation.]'  '[O]ur function is to determine whether a person of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion that the defendant committed the crime charged.'" (*People v. Superior Court* (*Lujan*) (1999) 73 Cal.App.4th 1123, 1127.)

Although the court made it clear that it anticipated Officer's Maes's testimony would likely provide sufficient evidence for the prosecution to meet its burden during the preliminary hearing, the prosecution elected—as it was free to do—not to present any testimony.  Given the reasonable inferences that could have been drawn from Officer Maes's testimony and the prosecutor's refusal to elicit testimony from Officer Maes, we cannot conclude the superior court abused its discretion when it denied the motion for a continuance.

C.      *The Court Erred in Dismissing the Case*

1.      *Section 859b Does Not Authorize Automatic Dismissal of Soth's Complaint*

Under certain delineated circumstances, section 859b mandates dismissal of a complaint.  The statute expressly requires dismissal for failing to adhere to:  (1) the 10-day rule for *in-custody* defendants, absent a waiver of the rule or good cause for a continuance; or (2) the 60-day rule for *all* defendants.  (See § 859b, 2d & 6th pars.; see also, *Garcia, supra,* 47 Cal.App.5th at p. 645.)

Section 859b is silent on the issue of dismissal where, as here, the prosecution has not shown good cause to continue, and the *out-of-custody* defendant has not waived the right to a preliminary hearing beyond 10 days of the arraignment.  If the Legislature had intended dismissal to be automatic and equally applicable to both in-custody and out-of-custody defendants (in the absence of waiver or good cause), the Legislature would have expressed that intention in section 859b.  It did not do so.  Instead, the Legislature directed dismissal for in-custody defendants only and left open how trial courts should handle out-of-custody defendants.  (See *People v. Luu* (1989) 209 Cal.App.3d 1399, 1405 (*Luu*) [concluding "section 859b does not mandate dismissal as a remedy for its violation" when the defendant is out of custody, the defendant has not waived time and the People have failed to establish good cause for a continuance of the preliminary hearing that is beyond 10 days, but within 60 days of arraignment].)

Likewise, section 1050 specifically states that the failure to demonstrate good cause to continue a criminal proceeding does

not require the trial court to dismiss the action. (§ 1050, subd. (l) ["This section is directory only and does not mandate dismissal of an action by its terms."];[16] see *Henderson, supra,* 115 Cal.App.4th at pp. 934-935, 939-940, [interpreting section 1050 as containing no authorization to dismiss where the moving party failed to show good cause to continue a preliminary hearing within the 60-day rule of section 859b and the out-of-custody defendant entered an unqualified waiver of the presumptive 10-court-day rule]; contra, *People v. Brown* (2021) 69 Cal.App.5th 15, 24-26, review granted December 22, 2021, S271877 [acknowledging that although section 1050 does not mandate dismissal for the failure to comply with the statute, the trial court nonetheless retains the authority to dismiss the complaint for failure to comply with section 1050 based on the court's authority derived elsewhere in the law, including section 1385].)

Soth was out of custody when the People sought to continue his preliminary hearing to a date that was beyond 10 court days but within 60 days of his arraignment. Even without good cause for the continuance, and without Soth providing a waiver, the superior court did not have authority to automatically dismiss Soth's complaint under sections 859b or 1050. Our conclusion comports with the canon of statutory interpretation *expressio unius est exclusio alterius*: when a statute expressly mentions one

---

[16] Similarly, section 1050.5, which describes the sanctions for failing to comply with the notice requirements in section 1050, subdivision (b), for motions to continue, provides, "The authority to impose sanctions provided for by this section shall be in addition to any other authority or power available to the court, except that the court or magistrate shall not dismiss the case." (§ 1050.5, subd. (b).)

or more things in a class, the omission of other things in the class indicates the Legislature intended their exclusion. (See, e.g., *Ogdon v. Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 192, 198, 201 [applying canon to Labor Code and stating, "the [legislative] expression of one thing is the exclusion of another"].) To conclude otherwise—that dismissal is automatic—would provide Soth with a remedy that the Legislature did not expressly intend.

2.      *Soth Failed to Demonstrate That He Was Entitled to a Discretionary Dismissal*

The statutory language of section 859b does not delineate what consequences, if any, the trial court may impose when the People seek to continue a preliminary hearing beyond 10 court days but within 60 days of arraignment, without good cause and without a waiver of rights from an out-of-custody defendant. Because the Legislature has not prescribed the scope of the trial court's authority in these circumstances, and the legislative history does not shed light on this issue, we turn to case law for guidance.

The People argue the answer is dictated by the holding of *Henderson, supra,* 115 Cal.App.4th 922. We disagree. Although this case and *Henderson* both involve out-of-custody defendants, the cases are factually distinct in a material way. In *Henderson,* the defendant entered an *unqualified* waiver of the 10-day rule. When the prosecutor sought to continue the preliminary hearing within the 60-day period, but without good cause, the trial court dismissed the case on its own motion. The appellate court reversed. (*Id.* at pp. 927-928.)

24

Unlike the defendant's unqualified waiver in *Henderson*, Soth's waiver was limited and conditioned on the preliminary hearing occurring by a specific date. This difference is critical because section 859b requires the preliminary hearing to be held within 10 court days of arraignment unless the parties waive the 10-day rule or good cause to continue is shown. (§ 859b, 2d par.) When a defendant waives the 10-day rule, dismissal is unwarranted irrespective of whether the prosecutor has good cause to continue so long as the hearing is held within 60 days of the arraignment—that is the central holding of *Henderson*. (*Henderson, supra,* 115 Cal.App.4th at pp. 934-935, 939-940.) *Henderson* does not directly address the question before us, which is whether, if ever, dismissal of the complaint is appropriate when the court fails to conduct the preliminary hearing within 10 days of the arraignment, the out-of-custody defendant *has not* entered an unqualified waiver of the 10-day rule and no good cause has been shown to continue the preliminary hearing within the 60-day period.

In describing the 10-day rule, *Henderson,* in dicta, answers the question before us, stating "[i]f the court fails to conduct the preliminary examination within the 10-day period for an out-of-custody defendant, the defendant may obtain dismissal only upon a showing that actual prejudice resulted from the delay." (*Henderson, supra,* 115 Cal.App.4th at p. 931.) The *Henderson* court cited *Luu* as support for this proposition. (*Ibid., citing Luu, supra,* 209 Cal.App.3d at p. 1407.)

In *Luu*, the appellate court held that even when the conditions (waiver or good cause to continue) to justify a continuance beyond 10 court days but within 60 days were not present, absent a showing of actual prejudice resulting from the

25

delay, an out-of-custody defendant was not entitled to dismissal. (*Luu, supra,* 209 Cal.App.3d at p. 1407.) The court explained, "It follows that where the Legislature has enacted a speedy trial statute and has mandated dismissal as a remedy for its violation as to defendants in custody, but not as to defendants out of custody, the right of an out-of-custody defendant under the statute is not a substantial right within the meaning of the rule entitling a defendant to a dismissal for irregularities in the preliminary examination procedures. To justify a dismissal for a violation of such a right a defendant must demonstrate that actual prejudice resulted to him from the delay." (*Ibid.*) *Luu* also cites to *People v. Mesaris* (1988) 201 Cal.App.3d 1377, 1384 (*Mesaris*) for the proposition that "'[A]s regards the second paragraph of Section 859b, if the court sets a preliminary hearing for an out-of-custody defendant beyond 10 court days without his consent, no penalty should be imposed unless the defendant demonstrates that actual prejudice resulted to him from the delay.'" (*Id.* at p. 1384 [analogizing to section 859b and requiring a showing of prejudice to obtain a dismissal based on a failure to comply with section 871.5].) [17]

---

[17] Without addressing the issue of prejudice, the court in *Alvarez* also acknowledged that section 859b does not prohibit a trial court from dismissing an action when the People violate the 10-day rule for an out-of-custody defendant, even when the preliminary hearing would be held within 60 days. (*Alvarez, supra,* 208 Cal.App.3d at p. 578 [observing section 859b does not "*preclude a dismissal* pursuant to any authority or power available to the court for failure to show good cause as required by section 1050, even though the requested continuance is within the 60-day limit provided by section 859b."].)

*Luu*'s holding regarding section 859b (which allows the trial court to dismiss a complaint if an out-of-custody defendant shows actual prejudice from a delay in the preliminary hearing that is not supported by good cause) appears to be driven by the legitimate concern that defendants should not be subjected to lengthy delays before there has been a finding of probable cause. (*Arnold, supra,* 59 Cal.App.5th at p. 939, quoting *Stroud v. Superior Court* (2000) 23 Cal.4th 952, 964-965 ["the rule for prompt *commencement* of the preliminary examination" is aimed "at ensuring that one does not languish unnecessarily in custody, or under the cloud of a criminal complaint, without a judicial finding of probable cause"].)

There is also consistency between the prejudice standard articulated in *Luu* and case law that analyzes other violations of section 859b.[18] For instance, in *People v. Standish* (2006) 38 Cal.4th 858, 864-865 (*Standish*), the People showed good cause to continue the preliminary hearing to a date more than 10 days after the arraignment for an in-custody defendant. In granting the continuance, the trial court failed to comply with section 859b, paragraphs three and four, which requires the trial court to release the in-custody defendant on the defendant's own

---

[18] This prejudice standard is also consistent with the prejudice standard that the Supreme Court has applied to claimed violations of section 825, which requires that a person arrested has the right to be brought before a magistrate without unnecessary delay, and, in any event, within two days after his or her arrest. (See *People v. Pettingill* (1978) 21 Cal.3d 231, 244; *People v. Combes* (1961) 56 Cal.2d 135, 142 [recognizing that no remedy is provided for a violation of section 825, and thus dismissal is not required unless the defendant demonstrates prejudice from the delay].)

27

recognizance unless certain exceptions to release are shown. (*Ibid*.) The Supreme Court considered whether the trial court's failure to comply with section 859b, paragraphs 3 and 4, warranted dismissing the complaint. (*Id.* at p. 882.) The Supreme Court concluded that automatic dismissal was not mandated because the statute did not expressly require dismissal and because the error did not involve a substantial right—the denial of which would be inherently prejudicial.[19] (See *id.* at pp. 882-885.) Instead, *Standish* held the trial court could not set aside the criminal complaint absent a showing of prejudice that the "error reasonably might have affected the outcome of the preliminary examination." (*Id.* at p. 882.)

In terms of the section 859b analysis, *Luu* is factually analogous to Soth's case. However, whether the holding in *Luu* should be applied to Soth's case was unclear because the court in *Luu* did not provide an in-depth discussion of its rationale for holding that absent good cause for continuing a preliminary hearing beyond 10 days, an out-of-custody defendant who did not waive time must demonstrate actual prejudice before a trial court may dismiss the case. In addition, *Luu* did not explain what type of prejudice would justify a discretionary dismissal by the trial court. For those reasons, and because neither the People nor Soth cited *Luu* in their initial briefs, we requested the parties provide supplemental briefing regarding *Luu*.

---

[19] Although the 10-day rule for out-of-custody defendants enshrined in section 859b promotes the prompt commencement of the preliminary hearing, the violation of that right is not inherently prejudicial under *Standish*. (*Standish*, *supra*, 38 Cal.4th at p. 883 [defining error as "inherently prejudicial" when it implicates a core right at the preliminary hearing itself].)

28

In its supplemental brief the People argue that it is unnecessary for us to apply *Luu* because Soth entered a general and unqualified time waiver and the People demonstrated good cause for continuing the preliminary hearing. The People further argue that even if we disagree on those two points, Soth cannot prevail under *Luu* because Soth failed to show that he would be prejudiced by a brief continuance of the preliminary hearing to a date within the 60-day period.

In his supplemental brief, Soth rejects the holding in *Luu*.[20] Soth therefore does not believe he had any obligation to show prejudice before the superior court could dismiss his case nor does he assert that he made any such showing.

While the People and Soth disagree regarding the precedential value of *Luu*, they agree Soth did not assert that he

---

[20] Soth argues the *Luu* court misinterpreted section 859b. He asserts that because the trial court has discretion under section 1050 in ruling on motions to continue and because the second paragraph of section 859b references section 1050, the court must also retain discretion to dismiss the complaint in his case.

Soth's argument misses the point. As previously discussed, *Luu* did not hold that a trial court is precluded from dismissing a complaint when an out-of-custody defendant has not waived the right to a preliminary hearing within 10 days and when the prosecution fails to show good cause to continue. Instead, the appellate court in *Luu* considered what an out-of-custody defendant, such as Soth, must demonstrate to obtain a dismissal in those circumstances. Even assuming the superior court had the discretion to entertain Soth's request to dismiss the complaint, it does not follow that Soth was automatically entitled to a dismissal without making some showing that justice or fairness warranted it.

29

would suffer any prejudice from having his preliminary hearing continued by three days (but within 60 days of his arraignment), which could have justified the court entering a discretionary dismissal of his case. As noted above, during the June 21, 2021 preliminary hearing, this was the entire colloquy that occurred regarding the motion to dismiss:

"The Court: Status?

"[Prosecutor]: Your Honor, we're unable to proceed.

"The Court: Motion?

"[Soth's Counsel]: Dismiss.

"The Court: Case is dismissed 1382."[21]

---

[21] The court's citation to "[Penal Code section] 1382" as the grounds for dismissal was misplaced. Section 1382 safeguards the defendant's speedy trial rights, not speedy preliminary hearing rights. (See § 1382, subd. (a)(2) ["The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information."]; *Henderson, supra,* 115 Cal.Appl.4th at pp. 936-937 [observing section 1382 provides that a case must be brought to trial within certain time limits, depending on the nature of the crime and the defendant's custodial status].)

Even were we to assume the trial court misspoke, intending to cite section 1385 as the legal basis for its dismissal rather than 1382, the record does not support the dismissal because it does not affirmatively disclose the court's rationale for its ruling.

30

The court made no finding that it would have been unjust or unfair for Soth to have the hearing continued for three days while Soth remained out of custody. Nor did the court articulate any basis for dismissing the complaint. Instead, the court appeared to treat Soth as an in-custody defendant and dismissed the complaint automatically without inquiry or argument.

Given that Soth failed to show he would be prejudiced by a brief continuance of the preliminary hearing, and the superior court similarly did not identify any prejudice to Soth, even if we were to agree with the holding in *Luu*, we would reverse because nothing in the record supports the court's dismissal of Soth's case pursuant to section 859b. We reverse and "remand the case to allow the magistrate to reinstate the complaint [against Soth] and reschedule the preliminary hearing." (*Henderson, supra,* 115 Cal.App.4th at p. 943.)

---

Section 1385 "anticipates, and facilitates, appellate review with the requirement that '[t]he reasons for the dismissal must be set forth in an order entered upon the minutes.' (§ 1385(a).) 'The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason "so that all may know why this great power was exercised."'" (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531; accord, *People v. Bonnetta* (2009) 46 Cal.4th 143, 151-152.)

## DISPOSITION

The order of dismissal is reversed.  The matter is remanded to the superior court to reinstate the complaint and reschedule the preliminary hearing.


WISE, J.*


We concur:


SEGAL, Acting P. J.


FEUER, J.

---

*      Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.